FILED
JAMES J. VILT, JR. - CLERK

APR 0 1 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                        Plaintiff,

v.                                          Criminal Action No. 3:22-cr-111-DJH

JOHN E. LOHDEN, Jr.,
DAYTON PETERSON, and
SAMANTHA TRUMMER,                                          Defendants.

\* \* \* \* \*

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say. A copy of these Instructions will be provided to the jury.

1

## INSTRUCTION NO. 2

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved each defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## INSTRUCTION NO. 3

As you know, each defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crime they are accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that each of them is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he or she is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

3

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 5**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 6

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(g) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

You have heard that the court compelled the testimony of Anthony Bishop. This testimony cannot be used against him by the government except in a prosecution for perjury.

You should consider Anthony Bishop's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by this grant of immunity.

Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe that testimony beyond a reasonable doubt.

## INSTRUCTION NO. 9

You have heard that the court compelled the testimony of Michael Lewis. This testimony cannot be used against him by the government except in a prosecution for perjury.

You should consider Michael Lewis's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by this grant of immunity.

Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe that testimony beyond a reasonable doubt.

## INSTRUCTION NO. 10

You have heard the testimony of J. Louis Nance.  You have also heard that he was involved in some of the same crimes that the defendants are charged with committing.  You should consider Nance's testimony with more caution than the testimony of other witnesses.

Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Nance has pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against any defendant in any way.

## INSTRUCTION NO. 11

You have heard the testimony of David Langdon. You have also heard that he was involved in some of the same crimes that the defendants are charged with committing. You should consider Langdon's testimony with more caution than the testimony of other witnesses.

Do not convict any of the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Langdon has pleaded guilty to a crime is not evidence that the defendants are guilty, and you cannot consider this against any defendant in any way.

## INSTRUCTION NO. 12

You have heard the testimony of Kevin Speaks, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Kevin Speaks's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

13

### INSTRUCTION NO. 13

You have heard the testimony of John Fowler, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept John Fowler's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 14**

You have heard the testimony of Dyanne Carpenter, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Dyanne Carpenter's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 15

You have heard the testimony of James Robertson, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept James Robertson's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

16

## INSTRUCTION NO. 16

You have heard the testimony of Michaela Harper, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Michaela Harper's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 17**

You have heard the testimony of Lauren Muñoz, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Lauren Muñoz's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

18

**INSTRUCTION NO. 18**

You have heard the testimony of Ross Gordon, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Ross Gordon's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

19

**INSTRUCTION NO. 19**

You have heard the testimony of Kevin Finnerty, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Kevin Finnerty's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 20**

You have heard the testimony of Jeremy Ruoff, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Jeremy Ruoff's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 21

You have heard the testimony of Ryan Whitford, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Ryan Whitford's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 22

You have heard the testimony of Jeff Eden, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Jeff Eden's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 23

You have heard the testimony of Nicholas Bullard, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Nicholas Bullard's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 24

You have heard the testimony of Shannon Sullivan, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Shannon Sullivan's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

25

## INSTRUCTION NO. 25

You have heard the testimony of Zachary Harrison, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Zachary Harrison's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 26**

You have heard the testimony of Justin Brandt, who testified as an opinion witness.

You do not have to accept Justin Brandt's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 27

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 28

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 29

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that each defendant is accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 30

Count Eleven charges Defendants John E. Lohden, Jr. and Dayton Peterson with conspiracy to possess with intent to distribute controlled substances.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

31

**INSTRUCTION NO. 31**

The defendants have been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Unless I instruct you otherwise, your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## INSTRUCTION NO. 32

Count One of the indictment charges Defendant John E. Lohden, Jr., with kidnapping. For you to find Lohden guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, Lohden knowingly and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim;

Second, that Lohden did so with the intent to secure a ransom, reward, or other benefit and held the victim for that reason; and

Third, that Lohden used a means, facility, or instrumentality of interstate commerce in kidnapping, seizing, confining, inveigling, decoying, abducting, or carrying away the victim or in furtherance of kidnapping the victim.

To "kidnap" a person means to forcibly and unlawfully hold, keep, detain, or confine that person against the person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the crime.

"Interstate commerce" means business or travel between one state and another.

"Means, facility, or instrumentality of interstate commerce" includes cars, cell phones, and the internet.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Lohden not guilty of this charge.

For you to find John E. Lohden, Jr. guilty of kidnapping, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or

encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find John E. Lohden, Jr. guilty of kidnapping as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of kidnapping was committed as described in the previous instruction.

Second, that Lohden helped to commit the crime or encouraged someone else to commit the crime.

And third, that Lohden intended to help commit or encourage the crime.

Proof that Lohden may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that Lohden did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Lohden guilty of kidnapping as an aider and abettor.

## INSTRUCTION NO. 33

Count Two charges Defendant John E. Lohden, Jr., with impersonating a federal officer to make an arrest or search. For you to find Lohden guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden represented himself to be an officer, agent, or employee of the United States acting under the authority of the United States.

Second, that Lohden knew that such assumption or pretense was false.

Third, that while acting as this assumed character, Lohden (1) arrested or detained any person, or (2) searched the person, buildings, or property of any person.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Lohden not guilty of this charge.

For you to find John E. Lohden, Jr. guilty of impersonating a federal officer to make an arrest or search, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find John E. Lohden, Jr. guilty of impersonating a federal officer to make an arrest or search as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of impersonating a federal officer to make an arrest or search was committed as described in the previous instruction.

Second, that Lohden helped to commit the crime or encouraged someone else to commit the crime.

And third, that Lohden intended to help commit or encourage the crime.

Proof that Lohden may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that Lohden did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Lohden guilty of impersonating a federal officer to make an arrest or search as an aider and abettor.

**INSTRUCTION NO. 34**

Count Four of the indictment charges the Defendant John E. Lohden, Jr., with possession of a firearm as a convicted felon. For you to find Lohden guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden has been convicted of a crime punishable by imprisonment for more than one year.

The government and Lohden have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

That prior to on or about January 7, 2022, the defendant, John E. Lohden, Jr., had been convicted of a crime punishable by imprisonment for more than one year.

Second, that Lohden, following his conviction, knowingly possessed the firearm specified in the indictment.

Third, that at the time Lohden possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.

The government and Lohden have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

That prior to on or about January 7, 2022, the defendant, John E. Lohden, Jr., knew he had been convicted of a crime punishable by imprisonment for more than one year.

Fourth, that the specified firearms crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

37

First, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

38

**INSTRUCTION NO. 35**

Count Five of the indictment charges defendant John E. Lohden, Jr., with knowingly receiving and possessing an unregistered firearm.  For you to find Lohden guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the Lohden knowingly possessed a firearm;

Second, that the firearm was a short-barrel rifle with a barrel measuring less than 16 inches;

Third, that Lohden knew of these characteristics of the firearm, that is that it was a short-barrel rifle with a barrel measuring less than 16 inches;

Fourth, that this firearm was, or could readily have been put, in operating condition; and

Fifth, that Lohden had not registered the firearm with the National Firearm Registration and Transfer Record.

The government need not prove that Lohden knew that possessing the firearm was illegal.

39

**INSTRUCTION NO. 36**

Count Six of the indictment charges defendants John E. Lohden, Jr., and Dayton Peterson with kidnapping.  For you to find Lohden or Peterson guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim;

Second, that the defendant did so with the intent to secure a ransom, reward, or other benefit and held the victim for that reason; and

Third, that the defendant used a means, facility, or instrumentality of interstate commerce in kidnapping, seizing, confining, inveigling, decoying, abducting, or carrying away the victim or in furtherance of kidnapping the victim.

As I explained earlier, to "kidnap" a person means to forcibly and unlawfully hold, keep, detain, or confine that person against the person's will.  Involuntariness or coercion in connection with the victim's detention is an essential part of the crime.

"Interstate commerce" means business or travel between one state and another.

"Means, facility, or instrumentality of interstate commerce" includes cars, cell phones, and the internet.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find John E. Lohden, Jr. or Dayton Peterson guilty of kidnapping, it is not necessary for you to find that he personally committed the crime. You may also find the defendant

40

guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of kidnapping as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of kidnapping was committed as described in the previous instruction.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of kidnapping as an aider and abettor.

## INSTRUCTION NO. 37

Count Seven charges defendants John E. Lohden, Jr., and Dayton Peterson with impersonating a federal officer to make an arrest or search.  For you to find Lohden or Peterson guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant represented himself to be an officer, agent, or employee of the United States acting under the authority of the United States.

Second, that the defendant knew that such assumption or pretense was false.

Third, that while acting as this assumed character, the defendant (1) arrested or detained any person, or (2) searched the person, buildings, or property of any person.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find John E. Lohden, Jr., or Dayton Peterson guilty of impersonating a federal officer to make an arrest or search, it is not necessary for you to find that he personally committed the crime. You may also find the defendant guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of impersonating a federal officer to make an arrest or search as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of impersonating a federal officer to make an arrest or search was committed as described in the previous instruction.

42

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of impersonating a federal officer to make an arrest or search as an aider and abettor.

43

**INSTRUCTION NO. 38**

Count Eight charges defendants John E. Lohden, Jr., and Dayton Peterson with robbery. For you to find Lohden or Peterson guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant unlawfully took personal property or money from someone, against that person's will.

Second, that the defendant did so by actual or threatened force, or violence, or fear of injury immediately or in the future to the person, person's property, property in the person's custody or possession, person or property of a relative or member of the person's family, or person or property of anyone in his company at the time of the taking.

Third, that the defendant did so knowingly.

Fourth, that as a result, interstate commerce was affected in any way or degree.

Now I will give you more detailed instructions on some of these terms.

An act is done "knowingly" if it is done voluntarily, and not because of mistake or some other innocent reason.

Conduct affects interstate commerce if it in any way interferes with or changes the movement of goods, merchandise, money, or other property in commerce between different states. Any effect at all on commerce is enough.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find John E. Lohden, Jr., or Dayton Peterson guilty of robbery, it is not necessary for you to find that he personally committed the crime. You may also find the defendant guilty if

44

he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Lohden or Peterson guilty of robbery as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of robbery was committed as described in the previous instruction.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of robbery as an aider and abettor.

**INSTRUCTION NO. 39**

Count Nine charges defendant John E. Lohden, Jr., with using, carrying, or brandishing a firearm during and in relation to a crime of violence. For you to find Lohden guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden committed the crime charged in Count Eight. Robbery is a crime of violence which may be prosecuted in a court of the United States.

Second, that Lohden knowingly used, carried, or brandished the firearm during and in relation to that crime.

Now I will give you more detailed instructions on some of these terms.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the crime.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant "brandished" a firearm if he displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, to intimidate that person, regardless of whether the firearm was directly visible to that person.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count Eight; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering, the crime charged in Count Eight, and its presence or involvement cannot be the result of accident or coincidence.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

46

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. To establish actual possession, the government must prove that Lohden had direct, physical control over the firearm, and knew that he had control of it.

The government need not prove that a particular firearm was used, carried, or brandished during and in relation to the crime of violence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find Lohden guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence, it is not necessary for you to find that he personally used, carried, or brandished a firearm. You may also find the defendant guilty if he intentionally helped or encouraged someone else to commit the crime of using, carrying, or brandishing a firearm during and in relation to a crime of violence. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of using, carrying, or brandishing a firearm during and in relation to a crime of violence was committed as described in the previous instruction.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

47

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence as an aider and abettor.

If you find the defendant guilty of the crime charged in Count Nine, you will then be asked to determine whether the defendant brandished the firearm, or whether the defendant used or carried the firearm. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that Lohden brandished a firearm during and in relation to a crime of violence, then please indicate this finding by checking the appropriate line on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that Lohden used or carried a firearm during and in relation to a crime of violence, then please indicate this finding by checking the appropriate line on the special verdict form.

**INSTRUCTION NO. 40**

Count Ten charges defendant Dayton Peterson with using, carrying, or brandishing a firearm during and in relation to a crime of violence. For you to find Peterson guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Peterson committed the crime charged in Count Eight. Robbery is a crime of violence which may be prosecuted in a court of the United States.

Second, that Peterson knowingly used, carried, or brandished the firearm during and in relation to that crime.

Now I will give you more detailed instructions on some of these terms.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the crime.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant "brandished" a firearm if he displayed all or part of the firearm, or otherwise made the presence of the firearm known to another person, to intimidate that person, regardless of whether the firearm was directly visible to that person.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count Eight; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering, the crime charged in Count Eight, and its presence or involvement cannot be the result of accident or coincidence.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. To establish actual possession, the government must prove that Peterson had direct, physical control over the firearm, and knew that he had control of it.

The government need not prove that a particular firearm was used, carried, or brandished during and in relation to the crime of violence.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find Peterson guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence, it is not necessary for you to find that he personally used, carried, or brandished a firearm. You may also find the defendant guilty if he intentionally helped or encouraged someone else to commit the crime of using, carrying, or brandishing a firearm during and in relation to a crime of violence. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of using, carrying, or brandishing a firearm during and in relation to a crime of violence was committed as described in the previous instruction.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

50

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of using, carrying, or brandishing a firearm during and in relation to a crime of violence as an aider and abettor.

If you find the defendant guilty of the crime charged in Count Ten, you will then be asked to determine whether the defendant brandished the firearm, or whether the defendant merely used or carried the firearm. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that Peterson brandished a firearm during and in relation to a crime of violence, then please indicate this finding by checking the appropriate line on the special verdict form.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that Peterson used or carried a firearm during and in relation to a crime of violence, then please indicate this finding by checking the appropriate line on the special verdict form.

## INSTRUCTION NO. 41

Count Eleven of the indictment accuses defendants John E. Lohden, Jr., and Dayton Peterson of conspiracy to commit the crime of possession with intent to distribute controlled substances in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find Lohden or Peterson guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crime of possession with intent to distribute controlled substances; and

Second, that the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these elements.

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of possession with intent to distribute controlled substances.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of possessing with intent to distribute controlled substances.  This is essential.

52

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict a defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more, they are not enough.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### INSTRUCTION NO. 42

Count Twelve of the indictment charges defendant John E. Lohden, Jr. with possession of cocaine and heroin with intent to distribute them.  Cocaine and heroin are controlled substances. For you to find Lohden guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden knowingly or intentionally possessed cocaine or heroin.

Second, that Lohden intended to distribute cocaine or heroin.

Now I will give you more detailed instructions on some of these terms.

First, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the cocaine or heroin for you to find him guilty of this crime.   The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the cocaine or heroin, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the cocaine or heroin, and knew that he had this right, and that he intended to exercise physical control over cocaine or heroin at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession

of the cocaine or heroin, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

To prove that Lohden "knowingly" possessed the cocaine and heroin, Lohden did not have to know that the substance was cocaine or heroin. It is enough that Lohden knew that it was some kind of controlled substance. Further, Lohden did not have to know how much cocaine or heroin he possessed. It is enough that Lohden knew that he possessed some quantity of cocaine or heroin.

The phrase "intended to distribute" means Lohden intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether Lohden had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including Lohden's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find Lohden not guilty of this charge.

If you find Lohden guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least five kilograms of a mixture or substance containing a detectable amount of cocaine, or at least one kilogram of a mixture or substance containing a detectable amount of heroin, then indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 500 grams of a mixture or substance containing a detectable amount of cocaine, or at least 100 grams of a mixture or substance containing a detectable amount of heroin, then please indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of less than 500 grams of a mixture or substance containing a detectable amount of cocaine, or less than 100 grams of a mixture or substance containing a detectable amount of heroin, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that Lohden knew the quantity involved in the offense.

## INSTRUCTION NO. 43

Count Thirteen charges defendant John E. Lohden, Jr., with possession of a firearm in furtherance of a drug-trafficking crime. For you to find Lohden guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden committed the crime charged in Count Eleven or the crime charged in Count Twelve. Both conspiracy to commit the crime of possession with intent to distribute controlled substances and possession with intent to distribute controlled substances are drug-trafficking crimes which may be prosecuted in a court of the United States.

Second, that Lohden knowingly possessed a firearm.

Third, that the possession of the firearm was in furtherance of the crime charged in Count Eleven or the crime charged in Count Twelve.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession. To establish actual possession, the government must prove that Lohden had direct, physical control over the firearm, and knew that he had control of it.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count Eleven or the crime charged in Count Twelve. In deciding whether the firearm was possessed to advance or promote the crime charged in Count Eleven or the crime

charged in Count Twelve, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug-trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

The government need not prove that a particular firearm was possessed in furtherance of the drug-trafficking crime.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find Lohden not guilty of this charge.

## INSTRUCTION NO. 44

Count Fourteen of the indictment charges defendant John E. Lohden, Jr., with knowingly receiving and possessing an unregistered firearm.  For you to find Lohden guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Lohden knowingly possessed a firearm.

Second, that the firearm was a stun ball grenade, which is a destructive device.

Third, that Lohden knew of these characteristics of the firearm, that is that it was a destructive device.

Fourth, that this firearm was, or could readily have been put, in operating condition; and

Fifth, that Lohden had not registered the firearm with the National Firearm Registration and Transfer Record.

The government need not prove that Lohden knew that possessing the firearm was illegal.

## INSTRUCTION NO. 45

Count Fifteen of the indictment charges defendant Dayton Peterson and Samantha Trummer with possession of cocaine and heroin with intent to distribute them. Cocaine and heroin are controlled substances. For you to find Peterson or Trummer guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly or intentionally possessed cocaine or heroin; and

Second, that the defendant intended to distribute cocaine or heroin.

Now I will give you more detailed instructions on some of these terms.

First, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the cocaine or heroin for you to find him or her guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the cocaine or heroin, and knew that he or she had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the cocaine or heroin, and knew that he or she had this right, and that he intended to exercise physical control over cocaine or heroin at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the cocaine or heroin, and knew that he or she did, for you to find him guilty of this crime. This, of course, is all for you to decide.

One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the cocaine or heroin. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the cocaine or heroin, and knew that he did, for you to find him or her guilty of this crime. This, again, is all for you to decide.

To prove that the defendant "knowingly" possessed the cocaine or heroin, the defendant did not have to know that the substance was cocaine or heroin. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine or heroin he or she possessed. It is enough that the defendant knew that he or she possessed some quantity of cocaine or heroin.

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions.

61

Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

For you to find Peterson or Trummer guilty of possession of cocaine or heroin with intent to distribute, it is not necessary for you to find that the defendant personally committed the crime. You may also find the defendant guilty if he or she intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty of possession of cocaine and heroin with intent to distribute as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of possession of cocaine or heroin with intent to distribute was committed as described in the previous instruction.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he or she was there when it was committed, is not enough for you to find them guilty. You can consider this in deciding

whether the government has proved that he or she was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of possession of cocaine and heroin with intent to distribute as an aider and abettor.

If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 500 grams of a mixture or substance containing a detectable amount of cocaine, or at least 100 grams of a mixture or substance containing a detectable amount of heroin, then please indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of less than 500 grams of a mixture or substance containing a detectable amount of cocaine, or less than 100 grams of a mixture or substance containing a detectable amount of heroin, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

**INSTRUCTION NO. 46**

Count Sixteen charges defendant Dayton Peterson with possession of a firearm in furtherance of a drug-trafficking crime.  For you to find Peterson guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Peterson committed the crime charged in Count Eleven or the crime charged in Count Fifteen.  Both conspiracy to commit the crime of possession with intent to distribute controlled substances and possession with intent to distribute controlled substances are drug-trafficking crimes which may be prosecuted in a court of the United States.

Second, that Peterson knowingly possessed a firearm during the time period charged in Count Sixteen.

Third, that the possession of the firearm was in furtherance of the crime charged in Count Eleven or the crime charged in Count Fifteen.

Now I will give you more detailed instructions on some of these terms.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Next, I want to explain something about possession.  To establish actual possession, the government must prove that Peterson had direct, physical control over the firearm, and knew that he had control of it.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count Eleven or the crime charged in Count Fifteen.  In deciding whether the

firearm was possessed to advance or promote the crime charged in Count Eleven or the crime charged in Count Fifteen, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug-trafficking crime; and (6) the time and circumstances under which the firearm was found.  This list is not exhaustive.

The government need not prove that a particular firearm was possessed in furtherance of the drug-trafficking crime.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find Peterson not guilty of this charge.

66

## INSTRUCTION NO. 47

Count Seventeen of the indictment charges defendants Dayton Peterson and Samantha Trummer with engaging in a monetary transaction in property derived from specified unlawful activity. For you to find Peterson or Trummer guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly engaged in a monetary transaction.

Second, that the monetary transaction was in property derived from specified unlawful activity.

Third, that the property had a value greater than $10,000.

Fourth, that the defendant knew that the transaction was in criminally derived property.

Fifth, that the monetary transaction took place within the United States.

Now I will give you more detailed instructions on some of these terms.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution.

The term "specified unlawful activity" includes the sale or distribution of a controlled substance, kidnapping, robbery, or a crime of violence.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

67

### INSTRUCTION NO. 48

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that certain crimes happened "on or about" particular dates.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

## INSTRUCTION NO. 49

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that a defendant knowingly did and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 50

Although the indictment charges that certain crimes were committed by acts that are connected by the word "and," it is sufficient if the evidence establishes that a crime was committed by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

## INSTRUCTION NO. 51

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 52**

Defendant John E. Lohden, Jr. has an absolute right not to testify or present evidence. The fact that Lohden did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 53

You have heard defendant Dayton Peterson testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating Peterson's testimony.

## INSTRUCTION NO. 54

Defendant Samantha Trummer has an absolute right not to testify or present evidence. The fact that Trummer did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that she is innocent.

## INSTRUCTION NO. 55

You have heard testimony that defendant John E. Lohden, Jr. committed crimes, acts, or wrongs other than the ones charged in the indictment.  If you find Lohden did those crimes, acts, or wrongs, you can consider the evidence only as it relates to the government's claim on Lohden's intent, opportunity, preparation, plan, or absence of mistake.  You must not consider it for any other purpose.

Remember that the defendants are on trial here only for the crimes charged, not for any other acts.  Do not return guilty verdicts unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 56

You have heard testimony that defendant Dayton Peterson committed crimes, acts, or wrongs other than the ones charged in the indictment. If you find Peterson did those crimes, acts, or wrongs, you can consider the evidence only as it relates to the government's claim on Peterson's intent, opportunity, preparation, plan, or absence of mistake. You must not consider it for any other purpose.

Remember that the defendants are on trial here only for the crimes charged, not for any other acts. Do not return guilty verdicts unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.

## INSTRUCTION NO. 57

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

All of the evidence will be sent back with you, except for the firearm, drugs, and currency. If you want to see any of those exhibits, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### INSTRUCTION NO. 58

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, MySpace, LinkedIn, SnapChat, TikTok, YouTube or Twitter (now called X), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## INSTRUCTION NO. 59

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 60

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 61

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 62**

I have prepared a verdict form that you should use to record your verdict.  It is the last page of these instructions.

If you decide that the government has proved a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved a charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 63

Remember that the defendants are only on trial for the particular crimes charged in the indictment.   Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.   The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the government has proved these defendants guilty.   Do not let the possible guilt of others influence your decision in any way.

### INSTRUCTION NO. 64

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved each of the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 65

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                     Plaintiff,

v.                                                         Criminal Action No. 3:22-cr-111-DJH

JOHN E. LOHDEN, Jr.,
DAYTON PETERSON, and
SAMANTHA TRUMMER,                                                   Defendants.

\* \* \* \* \*

## VERDICT FORM

We, the jury, find Defendant John E. Lohden, Jr.,

As to Count One:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Two:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Four:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Five:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Six:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Seven:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

As to Count Eight:

GUILTY_____                          NOT GUILTY\_\_\_\_\_

1

As to Count Nine:

> Question 1. With respect to the charge in Count Nine of the indictment for using, carrying, or brandishing a firearm during and in relation to a crime of violence, we find the defendant John Lohden:
>
> > GUILTY_____                                   NOT GUILTY\_\_\_\_\_
>
> If you answered guilty in response to Question 1, proceed to Question 1(a).
>
> If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Eleven.
>
> Question 1(a). With respect to Count Nine, we find that defendant John Lohden:
>
> > _____ used or carried the firearm during and in relation to the crime.
>
> > _____ brandished the firearm during and in relation to the crime.

As to Count Eleven:

> Question 1. With respect to the charge in Count Eleven of the indictment for conspiracy to possess with intent to distribute controlled substances, we find the defendant John Lohden:
>
> > GUILTY_____                                   NOT GUILTY\_\_\_\_\_
>
> If you answered guilty in response to Question 1, proceed to Question 1(a).
>
> If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Twelve.

Question 1(a). With respect to Count Eleven, the amount of the mixture or substance containing a detectable amount of cocaine was (indicate answer by checking one line below):

_____ 5000 grams (5 kilograms) or more.

_____ less than 5000 grams (5 kilograms) but more than 500 grams.

_____ less than 500 grams.

Question 1(a). With respect to Count Eleven, the amount of the mixture or substance containing a detectable amount of heroin was (indicate answer by checking one line below):

_____ 1000 grams (1 kilogram) or more.

_____ less than 1000 grams (1 kilogram) but more than 100 grams.

_____ less than 100 grams.

As to Count Twelve:

Question 1. With respect to the charge in Count Twelve of the indictment for possession with intent to distribute controlled substances, we find the defendant John Lohden:

GUILTY_____                    NOT GUILTY\_\_\_\_\_

If you answered guilty in response to Question 1, proceed to Question 1(a).

If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Thirteen.

3

Question 1(a). With respect to Count Twelve, the amount of the mixture or substance containing a detectable amount of cocaine was (indicate answer by checking one line below):

_____ 5000 grams (5 kilograms) or more.

_____ less than 5000 grams (5 kilograms) but more than 500 grams.

_____ less than 500 grams.

Question 1(a). With respect to Count Twelve, the amount of the mixture or substance containing a detectable amount of heroin was (indicate answer by checking one line below):

_____ 1000 grams (1 kilogram) or more.

_____ less than 1000 grams (1 kilogram) but more than 100 grams.

_____ less than 100 grams.

As to Count Thirteen:

GUILTY_____                    NOT GUILTY_____

As to Count Fourteen:

GUILTY_____                    NOT GUILTY_____

We, the jury, find Defendant Dayton Peterson,

    As to Count Six:

        GUILTY_____                NOT GUILTY_____

    As to Count Seven:

        GUILTY_____                NOT GUILTY_____

    As to Count Eight:

        GUILTY_____                NOT GUILTY_____

    As to Count Ten:

        Question 1. With respect to the charge in Count Ten of the indictment for using, carrying, or brandishing a firearm during and in relation to a crime of violence, we find the defendant Dayton Peterson:

            GUILTY_____                NOT GUILTY_____

        If you answered guilty in response to Question 1, proceed to Question 1(a).

        If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Eleven.

        Question 1(a). With respect to Count Ten, we find that defendant Dayton Peterson:

        _____ used or carried the firearm during and in relation to the crime.

        _____ brandished the firearm during and in relation to the crime.

    As to Count Eleven:

        Question 1. With respect to the charge in Count Eleven of the indictment for conspiracy to possess with intent to distribute controlled substances, we find the defendant Dayton Peterson:

            GUILTY_____                NOT GUILTY_____

If you answered guilty in response to Question 1, proceed to Question 1(a).

If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Fifteen.

Question 1(a). With respect to Count Eleven, the amount of the mixture or substance containing a detectable amount of cocaine was (indicate answer by checking one line below):

_____ 5000 grams (5 kilograms) or more.

_____ less than 5000 grams (5 kilograms) but more than 500 grams.

_____ less than 500 grams.

Question 1(a). With respect to Count Eleven, the amount of the mixture or substance containing a detectable amount of heroin was (indicate answer by checking one line below):

_____ 1000 grams (1 kilogram) or more.

_____ less than 1000 grams (1 kilogram) but more than 100 grams.

_____ less than 100 grams.

As to Count Fifteen:

Question 1. With respect to the charge in Count Fifteen of the indictment for possession with intent to distribute controlled substances, we find the defendant Dayton Peterson:

GUILTY_____                    NOT GUILTY_____

If you answered guilty in response to Question 1, proceed to Question 1(a).

If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Sixteen.

6

Question 1(a). With respect to Count Fifteen, the amount of the mixture or substance containing a detectable amount of cocaine was (indicate answer by checking one line below):

_____ more than 500 grams.

_____ less than 500 grams.

Question 1(a). With respect to Count Fifteen, the amount of the mixture or substance containing a detectable amount of heroin was (indicate answer by checking one line below):

_____ more than 100 grams.

_____ less than 100 grams.

As to Count Sixteen:

GUILTY_____                          NOT GUILTY_____

As to Count Seventeen:

GUILTY_____                          NOT GUILTY_____

7

We, the jury, find Defendant Samantha Trummer,

As to Count Fifteen:

> Question 1. With respect to the charge in Count Fifteen of the indictment for possession with intent to distribute controlled substances, we find the defendant Samantha Trummer:
>
> GUILTY_____                    NOT GUILTY_____
>
> If you answered guilty in response to Question 1, proceed to Question 1(a).
>
> If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to Count Seventeen.
>
> Question 1(a). With respect to Count Fifteen, the amount of the mixture or substance containing a detectable amount of cocaine was (indicate answer by checking one line below):
>
> _____ more than 500 grams.
>
> _____ less than 500 grams.
>
> Question 1(a). With respect to Count Fifteen, the amount of the mixture or substance containing a detectable amount of heroin was (indicate answer by checking one line below):
>
> _____ more than 100 grams.
>
> _____ less than 100 grams.

As to Count Seventeen:

> GUILTY_____                    NOT GUILTY_____

_____          _____
Foreperson                                        Date

8